# PORTO RICO COMPANY

*v.*

# EDWARD B. ALSOP ET AL.

INJUNCTION—CONTRACT WITH MUNICIPALITY—RECEIVERSHIP.

A former decree of court having placed it beyond the power of the receiver of a lighting company to continue a lighting contract with a city, the need of a restraining order preventing the city from annulling such contract is not evident, and its continuation is unnecessary.

February 26, 1902.

*Mr. A. E. Linhart* for complainant.

*Messrs. Pettingill & Keedy* and *F. H. Dexter* for defendants.

HOLT, Judge, delivered the following opinion:

The bill, *inter alia,* avers that complainant had a contract with the municipality of Ponce for the lighting of its streets, to expire on May 20th, 1904, and that it, through its council, is endeavoring to annul it, prevent complainant from doing so, and intends to hinder and prevent the lighting of the city under said contract. It asked a temporary injunction against the municipality, requiring it to desist from all further proceeding looking to the annulment of the franchise, and from all acts hindering or delaying its exercise, and that on final hearing it be made perpetual.

The municipality denied the complainant had any franchise for lighting the city, claiming that whatever franchise it formerly had, had been forfeited by failure to comply with the contract; and that the city council had, before the bill was filed, in fact canceled and rescinded the same.

On February 27th, 1900, the United States provisional court, that being the court in which this action was then pending, granted a temporary restraining order, the municipality being required to show cause against a temporary injunction on March 14th, 1900. On the latter date the restraining order was continued in force until further order, and no other step has been taken.

A motion is now made to dissolve it. Due notice has been given, and the parties have been heard. It is conceded that the receiver has discontinued the lighting, and that the franchise is not being exercised. The reason given is that the city has failed to pay for the lighting, and there is, therefore, a lack of funds to do so. Aside from the questions whether there is any existing contract, and why the lighting has been discontinued, it appears from this record that a decree of this court and sale of the property has placed it beyond the power of the receiver to light the city. The public interest must, at least to some extent, be regarded. The restraining order was to afford preventive relief. The need of it has now passed. The exigency on which it was based no longer exists. Its continuation is no longer necessary to a settlement of the legal rights of the parties. Any claims, respectively, of the parties, arising under the contract or existing by virtue of it, do not need its existence to their legal settlement. Any action that the city council may take cannot now affect those rights.

The restraining order is, therefore, now vacated; but this or-

Porto Rico Co. v. Alsop.

der is not to affect any franchise or contract, if any exists, that belonged to the Porto Rico Company with the municipality, nor any claims of the respective parties relative thereto, and is without prejudice to the same.